**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000723
05-MAY-2026
07:50 AM
Dkt. 81 SO**

NO. CAAP-24-0000723

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
MARCOS A. DE JESUS, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
KĀNEʻOHE DIVISION
(CASE NO. 1DTA-23-01261)

**SUMMARY DISPOSITION ORDER**
(By: Leonard, Presiding Judge, Wadsworth and Guidry, JJ.)

Defendant-Appellant Marcos A. De Jesus (**De Jesus**) appeals from the District Court of the First Circuit's (**district court**)[1] October 1, 2024 "Notice of Entry of Judgment and/or Order and Plea/Judgment" (**Judgment**).

On August 10, 2023, the State of Hawaiʻi (**State**) charged De Jesus by Complaint with Reckless Driving of Vehicle

---

[1] The Honorable Alvin K. Nishimura presided.

in violation of Hawaii Revised Statutes (**HRS**) § 291-2 (2020) (**Count 1**), and Racing on Highways in violation of HRS § 291C-103 (2020). Following a jury-waived trial, the district court found De Jesus guilty as to Count 1, but granted De Jesus' motion for judgment of acquittal as to Count 2. The district court imposed a $1,000 fine, $29,631 in restitution, fees, and ordered De Jesus to take a driver's improvement course.

On appeal, De Jesus raises two points of error, contending that the district court erred: (1) "in convicting De Jesus of Reckless Driving . . . because the State failed to provide sufficient evidence to prove that De Jesus operated his vehicle in reckless disregard of the safety of persons or property"; and (2) "in convicting De Jesus of Reckless Driving . . . because the [d]istrict [c]ourt did not find that De Jesus acted with the requisite state of mind—recklessly."

Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we address De Jesus' points of error on appeal as follows:

(1) De Jesus contends that there is insufficient evidence to support "that De Jesus operated his vehicle in reckless disregard of the safety of persons or property." We apply the following standard in our review of De Jesus' contention:

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.

State v. Kalaola, 124 Hawai‘i 43, 49, 237 P.3d 1109, 1115 (2010) (citations omitted). "Substantial evidence . . . is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Id. (cleaned up).

De Jesus specifically argues that the district court's finding of guilt was premised on its erroneous factual finding that De Jesus was "sewing" (i.e., "darting in and out of the lanes back and forth"). De Jesus contends that there is no substantial evidence to support that De Jesus was "sewing," and therefore not sufficient evidence to support that De Jesus' driving was "reckless and contributed to this collision [of the complaining witnesses' (**CW**) vehicle with another vehicle]."

At trial, the CW testified as follows:

> Well, I was driving with my wife. Was about 4 p.m., I think. I don't remember. We're coming from church, going to the base. And [De Jesus, driving a blue car] passed between me and another car right -- right beside me very fast, very (indiscernible), **sewing**, (gestures)[.]
>
> . . . .
>
> I'm driving with my wife. And then **[De Jesus] pass between me and this car on the -- that was little space, to be honest**. (Gestures.) That was completely ridiculous. **[De Jesus] pass, flying between us. Where I'm from, as we call that sewing**, when you go -- (gestures).

> . . . .
>
> Then [De Jesus] pass, flying between us. That's when I saw [De Jesus]. [De Jesus] keep going fast.
>
> . . . .
>
> [De Jesus' car] was speeding and switching lanes irresponsibly way above the speed limit.
>
> . . . .
>
> Then the Honda Civic slam behind my car. (Gestures.) And we went out of control, spinning.

(Emphasis added.)[2]

CW testified that De Jesus was speeding, passing and "flying" between cars with "little space," "switching lanes irresponsibly," and "sewing." We conclude that the State introduced sufficient evidence, through CW's testimony, to support De Jesus' conviction for Count 1.

(2) De Jesus contends that the district court erred because it "did not find that De Jesus acted with the requisite state of mind—recklessly." HRS § 291-2 provides, in relevant part, that "[w]hoever operates any vehicle . . . in disregard of the safety of persons or property is guilty of reckless driving of vehicle." Although HRS § 291-2 does not itself define "recklessly," HRS § 702-206(3) (2014) instructs that,

> (a) A person acts recklessly with respect to his conduct when he consciously disregards a substantial and unjustifiable risk that the person's conduct is of the specified nature.
>
> . . . .

---

[2] At trial, the CW at times referred to De Jesus' car as the "blue car," and the car that collided with CW's car as "the Honda Civic, white."

> (c) A person acts recklessly with respect to a result of
> his conduct when he consciously disregards a substantial
> and unjustifiable risk that his conduct will cause such
> a result.
>
> (d) A risk is substantial and unjustifiable within the
> meaning of this section if, considering the nature and
> purpose of the person's conduct and the circumstances
> known to him, the disregard of the risk involves a gross
> deviation from the standard of conduct that a law-
> abiding person would observe in the same situation.

See also State v. Agard, 113 Hawaiʻi 321, 324, 151 P.3d 802, 805

(2007) (recognizing that "the state of mind definition in HRS

§ 702-206(3) applies to HRS § 291-2").

Here, the district court found that,

> [T]he evidence that came out during the trial was that as
> that person and other people were driving down the highway,
> you in your vehicle and another person in their vehicle
> were darting in and out of traffic at a high rate of speed,
> catching up to people and darting in and out of the lanes
> back and forth. In fact, I think one witness described it
> as kind of like a sewing maneuver, in and out and in and
> out and in and out, between all the vehicles down the
> highway.
>
> And that dangerous, reckless type of driving at the
> high rate of speed is what caused all of this to occur. It
> caused other vehicles to be in danger and caused other
> vehicles to collide because of [De Jesus'] driving in and
> out of traffic at that high rate of speed.
>
> And although [De Jesus'] vehicle may not have made
> actual contact [with CW's vehicle], it was the actions of
> [De Jesus] in [De Jesus'] vehicle going in and out and --
> and essentially causing people to be in fear on the road
> and -- and being contacted by other vehicles because [De
> Jesus'] vehicle was reckless. I mean, I don't know how to
> describe it other than the conduct was reckless.
>
> And this sewing maneuver in and out of traffic, I
> mean, it's almost like -- I mean -- well, I'm not going to
> get into comparisons, because there's many times where
> people can cause things to happen even without making
> contact because their actions are so reckless.

We conclude that the district court found, based on the evidence presented at trial, that De Jesus acted recklessly.

We therefore affirm the Judgment.

DATED: Honolulu, Hawai'i, May 5, 2026.

On the briefs:                              /s/ Katherine G. Leonard
                                            Presiding Judge

Henry P. Ting,
Deputy Public Defender,                     /s/ Clyde J. Wadsworth
for Defendant-Appellant.                    Associate Judge


Brian R. Vincent,                           /s/ Kimberly T. Guidry
Deputy Prosecuting Attorney,                Associate Judge
City and County of Honolulu,
for Plaintiff-Appellee.